[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT
The plaintiff instituted the present action against The Aetna Casualty and Surety Company ("Aetna"), an insurance agency and an employee of the insurance agency. The plaintiff claims that in July of 1994, while he was insured by Aetna, a fire occurred on property owned by him. The plaintiff claims that the Aetna policy did not contain a Home Replacement Cost Coverage Guarantee and therefore the limits of the policy were insufficient to cover the replacement cost of the dwelling. The plaintiff further claims that the Aetna policy was a renewal or a rewriting of prior policies of insurance which did contain a Home Replacement Cost Guarantee Coverage. The plaintiff seeks damages in the amount of the difference between the limits of the policy of insurance in effect and the replacement cost of the building. The plaintiff further claims that the insurance agency and its employee were general agents of the Aetna with authority to bind Aetna for the coverages requested. The plaintiff further claims that Aetna failed to notify the plaintiff that the renewed or rewritten policy did not contain Replacement Cost Guarantee Coverage, that Aetna failed to adequately supervise the insurance agent and agency and that Aetna failed to adequately train the agent or agency. CT Page 7335
Aetna filed a motion for summary judgment and submitted an affidavit and documentary evidence to establish that the plaintiff was initially insured by a policy issued by The Standard Fire Insurance Company for a policy period of 3/1/91 to 3/1/92 which was subsequently renewed for the period of 3/1/92 to 3/1/93. That policy did contain a Home Replacement Cost Guarantee. In April of 1992 the policy was cancelled for nonpayment of premium. In November of 1992 another policy was issued through the defendant agency upon an application which stated that the requested coverage was "new". The requested coverage contains a request for a contents replacement cost endorsement but there was no request for a Home Replacement Cost Guarantee. Accordingly, a policy was issued to the plaintiff with effective dates of November 5, 1992 to November 5, 1993 which policy did not contain a Home Replacement Cost Guarantee or and was identified by different policy number than the previous policies. The November policy was renewed from November 5, 1993 to November 5, 1994 and was in effect when the loss occurred in July of 1994.
The defendant objected to the granting of the motion for summary judgment and asserted only that the defendant Aetna had failed to provide sufficient evidence to establish that the insurance agency and, and its employee, were not agents of Aetna. Thereafter, the defendant Aetna filed an affidavit by its Business Center vice-president stating that the insurance agent was not and is not an employee of Aetna; that he was an independent insurance agent; that he was not the exclusive agent of Aetna or any of its predecessors; that he was not Aetna's agent for the purpose of determining coverage to be obtained by the insurance agency and that he was not acting as the agent of Aetna. It, therefore, appears that the defendant Aetna has established that a policy of insurance was issued to the plaintiff pursuant to an application for a new insurance policy. The application did not request coverage for Home Replacement Cost Guarantee and, accordingly, such coverage was not provided. Aetna has, therefore, established that the policy issued in November of 1992 was not a "rewritten or renewal" policy of insurance. The plaintiff has not contested any of these facts and accordingly the motion for summary judgment is hereby granted.
RUSH, J. CT Page 7336